### BORDEN, Admrx v SCOTT et

Ohio Appeals, 2nd Dist, Greene Co

No 368. Decided May 2, 1932

Charles L. Darlington, Xenia, for plaintiff in error.

Miller & Finney, Xenia, for defendant in error.

ALLREAD, J.

A question is raised as to the bill of exceptions. A motion for a new trial was filed within three days after the judgment and overruled on February 10, 1932.

Sec 11564, GC, provides that the bill of exceptions must be filed in the trial court within forty days after the motion for a new trial is overruled.

On March 15, 1932, within the period prescribed, the bill of exceptions was filed. There are certain other steps provided for in reference to the giving of notice to the opposite party and obtaining the signature of the judge. It has been decided that the filing of the bill of exceptions within the prescribed period is mandatory, but that the subsequent stages as to obtaining notice and the signature of the trial judge are directory.

The case of Porter v Rohrer, 95 Oh St, 90, is decisive. This holds that the filing of the bill of exceptions within the statutory time is mandatory and that the subsequent

proceedings are directory. The motion to strike the bill of exceptions from the files is refused.

The interpretation of the will of Edward Hurst involves primarily the following item:

"Item V. I give and devise the residue of my estate to my brother, Richard Hurst, and my sister, Bennella Borden, or if they are dead, to their children, each one-third and to the children of my deceased sister, Lavina Scott, one-third, share and share alike."

The entire will may, of course, be resorted to for the purpose of throwing light upon the use of terms employed in this devise. Upon a consideration of Item V of the will we cannot escape the conclusion that the testator by said clause intended to devise the residue of the estate in three devises. One of these devises was to his sister, Bennella Borden, and second to the children of the deceased sister Lavina Scott. We think this much is definitely settled by this provision. The children of Lavina Scott were entitled by the express words of Item V to a one-third part of the residuem, and we think by similar and almost conclusive language of the will another third part was devised to the sister Bennella Borden. The question is as to what becomes of the one-third interest which was devised in Item V to the brother Richard Hurst. This depends largely upon the construction of the words, "or if they are dead." In other words, did the testator mean that if both Richard Hurst and Bennella Borden were dead that the devisees provided for to them should go to the children, or whether if either one was dead that the devise so provided should go from the particular person to whom it was given to the survivor or to the children of those deceased. Richard Hurst having died without children or issue, then the estate represented in the bequest to Richard should go as intestate property equally to Bennella Borden, and to the children of Lavina Scott. This being the construction placed upon the will by the Court of Common Pleas, it is is clear in our opinion that the judgment is right and should be affirmed.

HORNBECK and KUNKLE, JJ, concur.